**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  3:26-mj-0001-DMC-1 |
| Plaintiff, | |
| v. | ORDER |
| BENJAMIN W. TAYLOR, | |
| Defendant. | |

Defendant, who is currently in custody and represented by appointed counsel, is charged with violations of 43 C.F.R. § 8365.104(a)(2), possession of a controlled substance, and 43 C.F.R. § 2920.1-2(e), unauthorized use of public lands.  Defendant was brought before the Court in custody on July 7, 2026, following his arrest.  At that time, the undersigned appointed counsel for Defendant and ordered Defendant detained pending a further hearing, which hearing was set for July 9, 2026, in order to allow counsel time to meet with Defendant.  Defendant appeared on July 9, 2026, in custody and with appointed counsel, Allison Margolin, Esq.  The government has at all times to date been represented pursuant to the authority conferred under Eastern District of California Local Rule 180(b)(4) by Tyler Boland, a Ranger with the United States Bureau of Land Management.

/ / /

/ / /

1

At July 9, 2026, hearing, Defense counsel concurred with the Court's assessment that Defendant was not at that time prepared to make a knowing and voluntary initial appearance. Defense Counsel requested that a further hearing be set for Wednesday July 15, 2026, to afford Defense council an opportunity to evaluate options for treatment facilities for Defendant Taylor. The Court granted Defendant's request, the matter was continued to July 15, 2026, at 2:00 p.m., and Defendant was remanded back into custody.

Local Rule 180(b)(4) permits an officer, agent, or employee of a federal agency or department to practice before a Magistrate Judge on criminal matters. See Local Rule 180(b)(4)(A). Such practice, however, is only permitted if, among other things, the federal officer, agent, or employee is "supervised by the United States Attorney's Office." See Local Rule 180(b)(4)(A)(iv). Supervision is defined to mean "that employees of that Office are available to answer questions of any such officer, agent, or employee." See id. In this case, given the issues of Defendant's mental health, and the complexity of the issues now before the Court, the Court finds that the interests of justice require that an Assistant United States Attorney be available at the July 15, 2026, hearing to supervise and assist Ranger Boland in prosecution of this matter.

At the July 15, 2026, hearing, the parties shall be prepared to discuss the application of 18 U.S.C. §§ 4241 and 4247 to this case. Section 4241 permits a motion from either Defendant or the government for a mental competency hearing. See 18 U.S.C. § 4241(a). Such a hearing shall be ordered, either on motion filed by a party or on the Court's own motion, if there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly with his defense. See id. Prior to any such competency hearing ordered by the Court, the Court may also order a psychiatric or psychological evaluation of Defendant. See 18 U.S.C. § 4241(b). If, after a competency hearing, the Court determines by a preponderance of the evidence that Defendant is mentally incompetent to stand trial, the Court shall order Defendant committed to the custody of the Attorney General for hospitalization and treatment. See 18 U.S.C. § 4241(d). Section 4247

outlines the conduct of any competency hearing ordered by the Court.  See 18 U.S.C. § 4247(d).

Upon the Court's receipt of written stipulation from Defendant and from the government, assenting to conducting the scheduled July 15, 2026, hearing via Zoom, the Court will permit the July 15, 2026, hearing to be conducted by way of video teleconference.  Absent written stipulation to video teleconference, counsel will be required to appear in person in Redding, California.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    This matter is set for a continued initial appearance hearing on July 15, 2026, at 2:00 p.m.

2.    An Assistant United States Attorney shall be assigned to the case and appear on behalf of the government at the July 15, 2026, hearing to supervise and assist pursuant to Eastern District of California Local Rule 180(b)(4)(A)(iv).

3.    At the July 15, 2026, hearing, counsel for **both** the government and the Defense shall be prepared to discuss the applicability of the United States Code provisions referenced above.

4.    Counsel may appear remotely via video teleconference at the July 15, 2026, hearing upon filing of written stipulations to video teleconference on or before 5:00 p.m. PDT on Monday July 13, 2026.  Counsel who do not file a timely stipulation to video conference shall appear in person on July 15, 2026, in Redding, California.

5.    Officer Boland is directed to appear in person at the July 15, 2026, hearing and produce Defendant for the hearing.

Dated:  July 10, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3